UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x

ILYA FELIKSOVICH IOSILEVICH,

        Plaintiff,                      **MEMORANDUM AND ORDER**
                                                        22-CV-3714 (RPK) (LB)

        v.

THE CITY OF NEW YORK, KEECHANT SEWELL; ALEXANDER R. CEDILLO; JULIA NIKOLAYEVNA IVANISHINA; PRONAB ADHIKARY; STATE OF NEW YORK; NEW YORK CITY POLICE DEPARTMENT; and JOHN DOES #1–5,

        Defendants.

------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

    *Pro se* plaintiff Ilya Iosilevich brings this action against twelve defendants—the State of New York, New York City, the New York City Police Department ("NYPD"), NYPD Commissioner Keechant Sewell, NYPD Captain Alexander Cedillo and NYPD Officers John Does #1–3 ("NYPD Officer Defendants"), Julia Ivanishina, Pronab Adhikary, and Adhikary's parents (John Does #4 and #5)—alleging violations of 42 U.S.C. § 1983 and New York law. Plaintiff's request to proceed *in forma pauperis* is granted, but his claims against the State of New York and the NYPD, as well as his Section 1983 claims against NYPD Commissioner Sewell, Ivanishina, and Adhikary's parents, are dismissed under 28 U.S.C. § 1915 for the reasons explained below. Plaintiff's other claims may proceed.

## BACKGROUND

    According to plaintiff, on January 26, 2021, he went to the apartment where his ex-wife, Julia Ivanishina, was living with her partner—Pronab Adhikary, an NYPD officer. Compl. (Dkt.

1

#1) 12–14. Plaintiff alleges that he called his ex-wife's name and then left after "approximately 1–2 minutes." *Ibid*. Plaintiff alleges that afterward, "[d]efendants Ivanishina and Adhikary called the police and made a false Complaint Report and Domestic Incident Report" that plaintiff was "banging on and kicking the door with [his] feet." *Id*. 12. Plaintiff further asserts that Adhikary acted in "his employment and individual capacity," *id*. 11, and that Adhikary's parents "filed false charges against [plaintiff] in order to get [him] arrested" for, among other crimes, aggravated harassment, *id*. 15. NYPD Captain Cedillo then "conducted proper computer checks" on plaintiff and reviewed certain photos of the "alleged incident" that another NYPD officer took. *Id*. 13–14. Plaintiff alleges Captain Cedillo initiated plaintiff's arrest despite finding no "evidence to substantiate an arrest," *id*. 14, and that on February 3, 2021, NYPD Officers John Does #1–3 from the 63rd Precinct arrested plaintiff for aggravated harassment, *id*. 14–15. The district attorney later declined to prosecute plaintiff. *Id*. 15.

Construed liberally, the complaint brings claims for money damages against (i) the NYPD Officer defendants and the NYPD under Section 1983 for false arrest, *id*. 15–16; (ii) the NYPD under Section 1983 for negligently hiring and retaining Officer Adhikary and failing to investigate Captain Cedillo's conduct, *ibid*.; (iii) New York City under Section 1983 based on municipal liability, *id*. 16–17; and (iv) all defendants other than the State of New York for negligent and intentional infliction of emotional distress under New York law, *id*. 15–20. Plaintiff also seeks injunctive relief against the State of New York, asking that the State be ordered to expunge his arrest records and that the State require the Kings County Family Court to issue plaintiff "custody, or alternately, visitation rights to [his] son M.I.I." *Id*. 20.

## STANDARD OF REVIEW

When a litigant files a lawsuit *in forma pauperis*, the district court must dismiss the case if it determines that the complaint "is frivolous or malicious," "fails to state a claim on which relief

2

may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In addition, a court may dismiss an action *sua sponte* for lack of subject-matter jurisdiction. *Oscar Gruss & Son., Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003); s*ee* Fed. R. Civ. P. 12(h)(3).

When a plaintiff proceeds *pro se*, his complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and quotation marks omitted).

## DISCUSSION

Plaintiff's request to proceed *in forma pauperis* is granted. But plaintiff's claims against the State of New York and the NYPD are dismissed under Section 1915. So too are his Section 1983 claims against NYPD Commissioner Sewell, Julia Ivanishina, and John Does #4 and #5. Plaintiff's remaining claims may proceed.

### I.     The State of New York Is Immune from Suit.

Plaintiff's claims against the State of New York are dismissed because they seek relief from an immune defendant. State governments may not be sued in federal courts by private parties "unless they have waived their Eleventh Amendment immunity or unless Congress" has abrogated it. *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (citations and quotation marks omitted); *see Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 253–54 (2011). Because neither condition is present here, plaintiff cannot sue the State of New York. *Hahn v. New Yor*k, 825 F. App'x 53, 54 (2d Cir. 2020); *see Gollomp*, 568 F.3d at 366. In addition, "[t]he domestic relations exception to subject matter jurisdiction" deprives this Court of the ability to hear plaintiff's claim insofar as it seeks an injunction pertaining to a family court matter involving child custody. *Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014). Accordingly, plaintiff's claims against the State of New York are dismissed.

### II. The NYPD Is Not a Suable Entity.

Plaintiff's claims against the NYPD are dismissed under Section 1915 for failure to state a claim because the NYPD is a non-suable entity. "Under New York Law, '[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law.'" *Johnson v. New York City Police Dep't*, 651 F. App'x 58, 60 (2d Cir. 2016) (citing N.Y.C. Charter Ch. 17 § 396). Because the NYPD is not a suable entity, plaintiff's claims against the NYPD are dismissed under Section 1915. *See, e.g.*, *Mehmeti v. Brown*, No. 20-CV-1493 (MKB), 2020 WL 4350248, at *2 (E.D.N.Y. July 29, 2020).

### III. Plaintiff Fails to Plead Any Personal Involvement of Commissioner Sewell.

Plaintiff's Section 1983 claims against NYPD Commissioner Sewell are dismissed under Section 1915 for failure to state a claim because the complaint does not provide a basis to conclude that Commissioner Sewell was personally involved in any alleged violation.

To sufficiently plead a Section 1983 claim, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 616 (2d Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). The complaint does not assert any facts indicating Commissioner Sewell violated plaintiff's rights. Its sole allegation about Commissioner Sewell is that she "is a Police Commissioner, who acts as a chief Executive Officer of the New York City Police Department." Compl. 4; *cf. Braithwaite v. Suffolk Cnty.*, No. 22-CV-3750 (JS) (AYS), 2022 WL 16837341, at *10 (E.D.N.Y. Nov. 9, 2022) (finding plaintiff's allegation that the defendant-sheriff was "neglig[ent] in managing his subordinates" insufficient to plead a Section 1983 claim against that

4

defendant).  Plaintiff's Section 1983 claims against Commissioner Sewell are accordingly dismissed for failure to state a claim.

### IV. Plaintiff Does Not Allege That Adhikary's Parents or Ivanishina Acted Under Color of State Law.

Plaintiff's Section 1983 claims of false arrest against Adhikary's parents and Ivanishina are dismissed under Section 1915 for failure to state a claim.

To state a Section 1983 claim, plaintiff must allege a constitutional violation committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).  A private actor is liable only if he "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980).  "Conclusory allegations that [the] private individual conspired or took concerted action with state actors will not suffice" to establish this element. *Lienau v. Garcia*, No. 12-CV-6572 (ER), 2013 WL 6697834, at *5 (S.D.N.Y. Dec. 19, 2013) (citation and quotation marks omitted).  And by itself, the provision of false information to a police officer is insufficient to constitute Section 1983 "joint action." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 196 (E.D.N.Y. 2010) (collecting cases).  Here, plaintiff alleges Adhikary's parents and Ivanishina made false statements to the NYPD or filed police reports containing false information, but he does not allege that Ivanishina or Adhikary's parents did anything more than provide false information to the NYPD.  Compl. 12–15.  Accordingly, his allegations fall short of plausibly alleging that these defendants acted under the color of state law.  *See, e.g.*, *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 446 (E.D.N.Y. 2012).  Plaintiff's Section 1983 claims against those defendants are dismissed.

### CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted, but all his claims against the State of New York and the NYPD, and his Section 1983 claims against NYPD Commissioner

5

Sewell, Julia Ivanishina, and Adhikary's parents (John Does #4 and #5), are dismissed under Section 1915.  Plaintiff may file an amended complaint within thirty days of this Memorandum and Order correcting the deficiencies identified in this Memorandum and Order.  All proceedings in this case are stayed for thirty days.  If plaintiff does not file an amended complaint, his remaining claims will proceed against New York City, NYPD Commissioner Sewell, the NYPD Officer Defendants, Julia Ivanishina, Pronab Adhikary, and Adhikary's parents (John Does #4 and #5).

      SO ORDERED.

                                                    /s/ Rachel Kovner
                                              RACHEL P. KOVNER
                                              United States District Judge

Dated:        May 3, 2023
               Brooklyn, New York