RECEIVED
JUN 22 2022
PRO SE OFFICE

FILED
2022 JUN 22 AM 12: 01
CLERK
U.S. DISTRICT COURT
E.D.N.Y.
AFTER HOURS DROP BOX

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

ILYA FELIKSOVICH IOSILEVICH

*(Write the full name of each plaintiff who is filing
this complaint. If the names of all the plaintiffs
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names.)*

-against-

see attached

*(Write the full name of each defendant who is
being sued. If the names of all the defendants
cannot fit in the space above, please write "see
attached" in the space and attach an additional
page with the full list of names. Do not include
addresses here.)*

**Complaint for Violation of Civil
Rights**
(Non-Prisoner Complaint)

CV 22-3714

Case No. _____
*(to be filled in by the Clerk's Office)*

Jury Trial:    ☑ Yes   ☐ No
*(check one)*

KOVNER, J

BLOOM, M.J.

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting
from public access to electronic court files. Under this rule, papers filed with the court should
*not* contain: an individual's full social security number or full birth date; the full name of a
person known to be a minor; or a complete financial account number. A filing may include
*only*: the last four digits of a social security number; the year of an individual's birth; a
minor's initials; and the last four digits of a financial account number.

Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an
application to proceed in *forma pauperis.*

**LIST OF ALL DEFENDANTS IN CASE OF <u>ILYA FELIKSOVICH IOSILEVICH v. THE CITY OF NEW YORK et al</u>.**

1. The City of New York
2. New York City Police Department
3. Keechant L. Sewell, Police Commissioner
4. Alexander R. Cedillo, Captain of the 63rd Precinct, NYPD
5. "John Doe" #1 – fictitious name of Plaintiff's arresting Officer)
6. "John Doe" #2 – fictitious name of Plaintiff's arresting officer's partner)
7. Julia Nikolayevna Ivanishina a/k/a Julia Iosilevich-Ivanishina
8. Pronab Adhikary
9. "John Doe" # 3 – fictitious name of NYPD Patrol Supervisor of 63rd Precinct, NYPD
10. "John Doe" #4 – fictitious name of Pronab Adhikary's father
11. "Jane Doe" #5 – fictitious name of Pronab Adhikary's mother
12. State of New York (I.F.I.)

I.     **The Parties to This Complaint**

A.     **The Plaintiff(s)**

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

Name **Ilya Feliksovich Iosilevich**
Street Address **2401 Mermaid Avenue**
City and County **Brooklyn (Kings)**
State and Zip Code **New York 11224**
Telephone Number **(347) 254-9395**
E-mail Address **iiosilevich@gmail.com**

B.     **The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.

Defendant No. 1
Name **The City of New York**
Job or Title **municipal corporation**
(if known) **c/o Corporation Counsel**
Street Address **100 Church Street**
City and County **New York (New York County)**
State and Zip Code **New York 10007**
Telephone Number **(212) 356-1000**
E-mail Address
(if known)

Defendant No. 2
Name **New York City Police Department**
Job or Title **municipal agency**
(if known) **c/o Corporation Counsel**
Street Address **100 Church Street**
City and County **New York (New York County)**

State and Zip Code _New York 10007_

Telephone Number _(212) 356 -1000_

E-mail Address _____

(if known)

Defendant No. 3

Name _Keechant L. Sewell_

Job or Title _Police Commissioner_

(if known)

Street Address City _One Police Plaza, Room 110A, New York_

and County State _New York ( New York County),_

and Zip Code _10038_

Telephone Number _(646) 610 - 5400_

E-mail Address _____

(if known)

Defendant No. 4

Name _Alexander R. Cedillo_

Job or Title _Police Captain_

(if known) _63rd precinct, NYPD_

Street Address City _1844 Brooklyn Avenue, Brooklyn_

and County State _Kings County, New York_

and Zip Code _11210_

Telephone Number _(718) 254- 4411_

E-mail Address _____

(if known)

## II.   Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

State and Zip Code _____

Telephone Number _____

E-mail Address _____

(if known)

Defendant No. ~~3~~ 5

Name   "John Doe" #1 (fictitious name of my arresting officer)

Job or Title   Police Officer

(if known)   63rd Precinct, NYPD

Street Address City   1844 Brooklyn Avenue  Brooklyn

and County State   (Kings County), New York

and Zip Code   11210

Telephone Number   (718) 254-4411

E-mail Address _____

(if known)

Defendant No. ~~4~~ 6

Name   "John Doe" #2 (fictitious name of my arresting officer's partner)

Job or Title   Police Officer

(if known)   63rd Precinct, NYPD

Street Address City   1844 Brooklyn Avenue  Brooklyn

and County State   (Kings County), New York

and Zip Code   11210

Telephone Number   (718) 254-4411

E-mail Address _____

(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

3

State and Zip Code

Telephone Number

E-mail Address

(if known)

Defendant No. ~~3~~ 7

Name      Julia Nikolayevna Ivanishina

Job or Title    a/k/a Julia Iosilevich-Ivanishina

(if known)

Street Address City    2065 W 6th Street, Apt. #1F, Brooklyn

and County State    (Kings County), New York

and Zip Code    11223

Telephone Number    (917) 635-0571

E-mail Address    jivanishina@gmail.com

(if known)

Defendant No. ~~4~~ 8

Name      Pronob Adhikary

Job or Title    Police Officer

(if known)    Midtown South Precinct

Street Address City    357 W 35th Street, New York

and County State    (New York County) New York

and Zip Code    10001

Telephone Number    (212) 239-9811

E-mail Address

(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases
can be heard in federal court: cases involving a federal question and cases involving diversity of
citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution
or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen
of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a
diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the
same State as any plaintiff.

State and Zip Code
Telephone Number
E-mail Address
(if known)

Defendant No. ~~3~~ 9

Name "John Doe" #~~3~~ - fictitious name of Patrol
Job or Title Supervisor verifying arrest - Title: Police Captain
(if known) 63rd precinct, NYPD

Street Address City 1844 Brooklyn Avenue, Brooklyn
and County State (Kings County) New York
and Zip Code 11290

Telephone Number (718) 254-4411
E-mail Address
(if known)

Defendant No. ~~4~~ 10

Name "John Doe" #~~4~~ - fictitious name of Prohob Adhikary's
Job or Title father of Prohob Adhikary       father
(if known)

Street Address City 135-03 116th Street, Ozone Park
and County State (Queens County), New York
and Zip Code 11420

Telephone Number unknown
E-mail Address
(if known)

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases
can be heard in federal court: cases involving a federal question and cases involving diversity of
citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution
or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen
of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a
diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the
same State as any plaintiff.

3

State and Zip Code

Telephone Number

E-mail Address

(if known)

Defendant No. ~~3~~ 11

    Name

    Job or Title

    (if known)

    Street Address City

    and County State

    and Zip Code

    Telephone Number

    E-mail Address

    (if known)

"Jane Doe" #5 - fictitious name of mother
of Pronob Adhikary

135-03 116th Street, Ozone Park
(Queens County), New York
11420
unknown

Defendant No. ~~4~~ 12

    Name

    Job or Title

    (if known)    c/o

    Street Address City

    and County State

    and Zip Code

    Telephone Number

    E-mail Address

    (if known)

State of New York
the State within the United States of America
New York State secretary of State
123 William Street, New York
(New York County) New York
10038
unknown

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☑ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.      **If the Basis for Jurisdiction Is a Federal Question**

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

U.S. Const. Amendments IV and XIV, Art. I of NYS Constitution, false arrest malicious prosecution, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress

B.      **If the Basis for Jurisdiction Is Diversity of Citizenship**

1.      The Plaintiff(s)

a.      If the plaintiff is an individual

The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

b.      If the plaintiff is a corporation

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.      The Defendant(s)

a.      If the defendant is an individual

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. *Or* is a citizen of *(foreign nation)* _____.

4

b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____. *Or* is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy—the amount the plaintiff claims the defendant owes or the amount at stake—is more than $75,000, not counting interest and costs of court, because *(explain)*:

_____

_____

_____

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached "Statement of Facts" and "Causes of Action" on the following pages, which lists Causes of action, against the City of New York Defendants and State of New York.

5

## INCORPORATED DOCUMENT AS PART OF PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS UNDER 42 U.S.C. § 1983

### PARTIES

1.    I am a resident of New York City. I am a Plaintiff pro se

2.    Defendant the City of New York ("City") is a municipal corporation withing the State of New York.

3.    Defendant New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At al times relevant hereto, defendant NYPD, together with the City, was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. In addition, at all relevant times, the NYPD, together with the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitution and laws of the United States and of the State of New York.

4.    Defendant Keechant L. Sewel is a Police Commissioner, who acts as a Chief Executive Officer of New York City Police Department.

5.    Defendants, Alexander R. Cedillo a/k/a Alex Cedillo, "John Doe #1" [my arresting officer], "John Doe #2" [my arresting officer's partner], "John Doe #3" [patrol supervisor/NYPD Captain who pulled me over on date and time of arrest in his unmarked police vehicle] were employed by the NYPD who were at all relevant times herein acting in their capacity as agents, servants, and employees of the City. Defendant Cedillo, in particular, was also acting in his individual capacity in addition to employment capacity.

6.    Defendant, Julia Nikolayevna Ivanishina a/k/a Julia Iosilevich-Ivanishina [my ex-wife] was acting in her individual capacity.

7.    Defendant Pronab Adhikary [ boyfriend/spouse of Julia Ivanishina] was acting in his employment and individual capacity, and both of his parents and his sister who created false complaint report [a/k/a form "61"] on me with malice aforethought to get me an additional arrest.

8.    Individual Defendants will be sued in their individual capacities.

9.    At all times relevant herein, defendant Cedillo held the rank of captain and was acting as the Executive Officer of 63rd Precinct of NYPD, as well as, Domestic Violence Coordinator. Defendant Cedillo is also the individual who made determination to initiate my arrest by giving orders to Defendants John Doe #1, John Doe #2, and John Doe #3.

10.    At all times relevant herein, the Individual Defendants, with an exception of Defendants Ivanishina and Adhikary, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and incidental to the lawful pursuant of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

11.    On or about the evening of January 26, 2021 I attempted to serve Defendants Ivanishina and Adhikary with Summons and Complaint issued by NYC Civil Court, Kings County, index # CV-020958-20/KI.

12.    Defendant Ivanishina's neighbor let me in the building lobby of 2065 West 6th Street, Apt 1-F, Brooklyn, NY 11223, where Defendants Ivanishina and Adhikary reside.

13.    When I lightly knocked on her apartment door, Defendant Ivanishina asked me what I want. I replied, "I want to speak with you and give you something." In a background I hear Defendant Adhikary instructs Defendant Ivanishina to call the police. He further stated, "If he comes in, I will shoot him [referring to using his 9mm service pistol issued by NYPD]."

14.    Defendant Ivanishina starts calling my wife, Oksana Kovtun, in order for my wife to hear my voice.

15.    Defendant Ivanishina informed me that she does not want to see me, which at that point I left without arguing.

16.    Defendant Ivanishina's apartment door remained locked at all times.

17.    I remained behind Defendant Ivanishina's door for an estimate period of approximately 1-2 minutes before I left.

18.    I left with failed attempt to serve Summons and Complaint on Defendants Ivanishina and Adhikary.

19.    I did not call, text, fax, mail, email, Defendant Ivanishina after this incident.

20.    Defendants Ivanishina and Adhikary called the police and made a false Complaint Report and Domestic Incident Report upon arrival of police officers from 62nd Precinct. The allegations set forth in Complaint report to the best of my knowledge and belief is that I allegedly was banging on and kicking the door with feet, and that such alleged actions presumably placed Defendant Ivanishina in fear of her safety and well-being. I did not see the copy of neither Domestic Incident Report nor Complaint Report. I base my knowledge and belief from what was told to me by my Defense Counsel during the Arraignment of February 4, 2021.

22.     Defendant Adhikary had aided and abetted Defendant Ivanishina in committing acts of perjury by "*coaching*" Defendant Ivanishina on what to say in the Domestic Incident Report order to later obtain Order of Protection against me from Family or Criminal courts.

23.     Defendant Adhikary has personal vendetta against me because he loves my ex-wife and wanted to do anything he can in order to have my wife turn against me; Defendant Adhikary even prohibits my wife from letting me see my own biological son, which I share with Defendant Ivanishina.

24.     Defendant Adhikary is employed by New York City Police Department and received training and experience from working in NYPD, and utilizes his knowledge with malice aforethought to intentionally have me arrested and have Order of Protection issued in order to prevent me from seeing my son and my ex-wife, who I once shared love and affection.

25.     Defendant Adhikary should have been interrogated by New York City Police Department at procedure known as "GO-15" regarding this incident, however, the Police Officers on scene instructed Defendant Adhikary not to mention he is a cop to avoid being questioned.

26. Defendant Adhikary's false statements coupled with convincing Ms. Ivanishina to make false report against me constitute indirect or direct false statement on official instrument [referring to Complaint Report and Domestic Incident Report].

27. Making false statements, or aiding and abetting someone to make false statements by giving direct advice not only constitute an act of perjury, but further constitute violation of Civil Rights because Defendant Adhikary is entrusted to enforce the laws of this State. Instead, Defendant Adhikary broke the public trust and violated my civil rights by acting in concert with other co-Defendants with malice aforethought to get me falsely arrested and have Order of Protection issued. Once Order of Protection is issued, I cannot see my ex-wife and my son.

28.     To make it clear, although I had feelings for my ex-wife who I love once so much, I cannot forgive her ████████████████████████████████████████ I do, however, want to see my son, however, I will file a separate Family Court petition in future. My purpose of a visit, for clarification, was to serve my  Summons and Complaint issued by NYC Civil Court, Kings County upon my ex-wife.

29.     Police Officers on scene from 62nd Precinct took pictures of the incident, including the picture of a door. From what I was told by my Criminal Defense Attorney, the picture of a door shows the door was still white with no marks from the shoes, even though the snow was still on the ground on the day on an incident.

30.     Defendant Cedillo had conducted proper computer checks using Department Computer prior to ordering my arrest. Computer checks include looking at the history of all Complaint Reports, Domestic Incident Reports filed against me, NYPD Internal Affairs (IAB) log numbers, and my NYPD Disciplinary History, which includes all allegations of misconduct that were alleged against me, including final dispositions.

31.      Prior to initiating an arrest, Defendant Cedillo reviewed the Complaint Report and photographs at the place of an incident location of 2065 West 6th Street, Apt 1-F, Brooklyn, NY 11223.

32.      The supporting pictures acquired of a door that was allegedly "kicked on" did not show any footprints, even though it was a snow on a ground, which would leave marks on a white door, if anyone would have kicked the door.

33.      Defendant Cedillo, reviewed all evidence acquired at the scene of alleged incident and did not find any evidence to substantiate an arrest. However, to make charges stick, Defendant Cedillo reviewed previous complaints filed against me by Defendant Ivanishina. One of such complaints, as I was told included an allegation of assault that "allegedly" took place in year 2014, but was investigated in 2016.

34.      To make it clear, I did not assault my ex-wife in year 2014. However, she made false allegation against me in 2016 because she was coached that if she "plays victim," she will receive more of marital assets, child support and alimony.

35.      Sometime on or about February 3, 2021 Defendants Ivanishina and Adhikary contacted my wife, Oksana Kovtun, and offered to join them in making false complaints against me. Oksana Kovtun agreed. Together, these Defendants went to 63rd Precinct to draft a Criminal Complaint against me.

36.      On February 3, 2021, I was arrested by 63rd Precinct. Particularly, I was apprehended by two police Officers [one of which was my arresting officer] in the marked police vehicle [one of which is identified] and by some unknown police Captain, who I do not know, but I believe he might either be Cpt. Cedillo or a Duty Captain/Patrol Supervisor.

37.      When I asked my arresting Officer, "Why am I being arrested?", he responded, "I don't know. It's coming from the Captain, not me. I am just assigned to process your arrest."

38.      At 63rd Precinct, I was told by my arresting officer that Defendant Cedillo wishes to speak with me. I was taken to his room.

39.      Defendant Cedillo, turned on his body-camera, read me Miranda rights and started questioning me. During the questioning, he made the following statements *in substance* that made me to conclude that he intentionally wanted me to get arrested and wanted to (1) fabricate charges that are not true and (2) boost up charges from "alleged" assault 3rd degree to assault 2rd and from harassment to aggravated harassment. These statements are as follows:

I *looked at your history, and you should have been fired from Police Department instead of letting you to resign.*

I *will give charge you with crimes that took place in 2014, even though you might beat them with your attorney* [meaning based on Statute of Limitations].

I *will drop a book on you* [meaning he would throw every possible charge he could think of].

40.    The body camera footage should still be preserved.

41.    Before I departed the Precinct, I was told that there is a "third complaint" from Queens for which I was supposed to be arraigned for. This third complaint, was a fabricated story that Defendant Pronab Adhikary "coached" his parents [Defendants # 10 and #11 of my Complaint] to make false charges against me in order to get me arrested. He didn't want to do it himself because he does not want to have NYPD Internal Affairs involved while he is still on probation. His parents filed a false criminal report for Aggravated Harassment over the phone.

42.    After I arrived to Central Bookings, my Criminal Defense Attorney read charges against me filed by Defendant Ivanishina. My attorney told me that the only charge that District Attorney's Office kept was Aggravated Harassment.

43.    On or about March 23, 2021 [after the second arraignment date], I discovered that DA's Office declined to prosecute me on complaint filed by Defendant Ivanishina. I discovered this because I received an official Certificate of Disposition sent to be by Criminal Court of the City of New York (Kings County) via first class mail postmarked March 23, 2022. **See Exhibit A.**

44.    On June 2, 2022 [which is less than 90 days from March 23, 2022 date] I served Notice of Claim on the City of New York Comptroller's Office and on New York State Dept of State and Attorney General office]. **See Exhibit B.**

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### 42 USC § 1983 Against Individual NYPD Defendants

45.    All other paragraphs herein are incorporated by reference as through fully set forth.

46.    By arresting, detaining and charging me, the Individual NYPD Defendants engaged under color of law in the violation of my rights under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, and Article I of New York State Constitution to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment.

## SECOND CAUSE OF ACTION

### 42 USC § 1983 Against New York City Police Department

47.    All other paragraphs herein are incorporated by reference as through fully set forth.

48.    New York City Police Department is vicariously liable for the actions of its Individual Defendants based on Doctrine of *Respondeat Superior.*

49.    New York City Police Department is particularly liable for improper training of its employee, Captain Cedillo.

50.    The Department is also liable for covering up the investigation of Captain Cedillo by Inspector Dennis Fulton. I filed CCRB complaint against Captain Cedillo and my complaint was forwarded to Commissioner's Officer and investigation was under Inspector Fulton, who covered up for Defendant Cedillo.

51.    NYPD further negligently hired and retained Officer Pronab Adhikary. Proper background checks would reveal that he is prone to commit perjury, fabricate testimony on written instrument, etc.

52.    NYPD failed to file Internal investigation by Internal Affairs Bureau for Pronab Adhikary regarding his act of "coaching" Defendant Ivanishina, his parents to make false complaints. Also, NYPD failed to investigate the threats he made to me to get me arrested or "shoot" if I ever come close to him [even though I came peacefully to serve Summons & complaint on Defendant Ivanishina and him; and I also have my biological son living in his household now].

53.    Because of Pronab's position in NYPD, the Department tried to "cover up" for him and decided to have the complaint taken from Defendant Julia, rather than Defendant Pronab to avoid making it an "off-duty" incident, at the time complaint was first lodged. If this was an "off duty incident," then Duty Captain would have interviewed Defendant Pronab Adhkary at time Defendant Ivanishina made a complaint.

### THIRD CAUSE OF ACTION

42 USC § 1983 Against the City of New York

54.    All other paragraphs herein are incorporated by reference as though full set forth.

55.    Municipal liability for the violations of my Fourth Amendment rights rests upon the grounds set forth above.

56.    Municipality is vicariously liable for the actions of its civil servants, whether on or even off-duty, as in the case of [Defendant Pronab] based on common law doctrine of *Respondeat Superior*.

57. At tall times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendnats, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

58. At all times material to this complaint, the defendant City, acting though defendant NYPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of ther need to train, screen, supervise or

discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

59.    At all times material to this Complaint, the defendant City, acting through the NYPD had a *de facto* policy, custom and/or practice of imposing arrest quotas on its officers generally and on the Individual Defendants [except Defendant Pronab Adhikary, who was off duty at time of incident] specifically. The existence of this unconstitutional policy, custom and/or practice may be inferred, *inter alia*, from:

a) the following news reports:

*i)* Rocco Parascandola, *NYPD Lt. Janice Williams Captured on Tape Pushing for More Busts, but Brass Says There's No Quotas,* March 3, 2011:

*ii)* Oren Yaniv, *Court Rules That Cops Do Use Quotas; Woman Injured in 2006 Arrest Settles for $75,000* New York Daily News February 19, 2011;

*iii)* Orven Yaniv, *Capt. Loinks Arrets to Evaluation of Cops, Lawyer Alleges in Lawsuit,* New York Daily News, February 15, 2011;

*iv)* Al Baker and Liz Robbins, *A Quota by Any Other Name,* New York Times, January 13, 2011;

*v)* Rocco Parascandola, *Deputy Chief Michael Marino Threatens Cops at 79th Precinct Who Want to Go on Summons Strike,* New York Daily News, December 15, 2010;

*vi)* James Fanelli, *Cops at Brooklyn's Crime-ridden 77th Precinct Told to Meet Quotas for Moving Violations, Memo Says,* New York Daily News, November 8, 2010.

*vii)* Al Baker and Ray River, *In Secret Tape, New York Police Press Ticket Quotas,* New York Times, September 10, 2010.

*viii)* Kareem Fahim, *Police in Brooklyn Used Illegal Tickets Quotas, Arbitrator Decides,* January 20, 2006; and

*b)* the audio/video recording of body-footage camera on of Cpt. Cedillo will reveal that he made an arrest not only to get his vengeance, but also to meet his quotas. De *Please see the video that is in possession of NYPD.*

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

60.    All above mentioned Defendants cause had committed Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. It is obvious that by having me falsely arrested, I will suffer emotional distress. Such distress was inflicted both intentionally and negligently.

## FIFTH CAUSE OF ACTION

### Collateral consequences and loss of potential income from the Army National Guard

61.     I suffer money damages. In a military because of this arrest I am being "flagged" in a military. I could not get favorable assignments, thus loss of potential income. *Please see attached* Counseling Statement from the military.  Additional collateral consequences included suspension of my TLC license [loss of income], and I will have to not explain my arrest to Ethics Committee after  I take the BAR exam.

## SIXTH CAUSE OF ACTION

### Collateral Damages and loss of actual income

62.     I am losing time from work litigating this case. I am asking to get reimbursed for time lost from work, from school [I was supposed to be in school on day of arrest], litigating this case. I will also ask for reasonable attorney fees.

### RELIEF REQUESTED FROM THE CITY OF NEW YORK, NYPD, as well as NYPD Individual Officers, as well Julia Ivanishina, Pronab Adhikary and his parents [who are jointly and severally liable for my damages]

1. I value my liberty and for the violation of my 4th and 14th Amendment unlawful seizure of my body and further malicious prosecution (substantive due process violation) I am requesting a remedy of $100,000 from all defendants who are jointly and severally liable for my damages.
2. I demand $13,000 for Intentional and Negligent Infliction of Emotional Distress.

3. I  demand $10,000 for lost profits from military

4. I demand additional $7,000 for cause of action 4 and 5 ( time lost from work, from school, and cost of litigation). Note, amount will be higher, if I will have to hire an attorney.

   Total amount of damages demanded from all Defendants, who are jointly and severally liable to me: $130,000

## CLAIM AGAINST STATE OF NEW YORK

### CLAIM # 1

In 2014 in case of *People of the State of New York v. Raphael Golb* [Argued March 25, 2014 Decided May 13, 2014], the New York State Court of Appeals found Penal Law § 240.30 (1) to be unconstitutional for vagueness and overly broad. The statute opens a pandora box for a lot false complaints. Women like Julia Ivanishina have to say magic words, "My husband/boyfriend/ or an ex-husband threatened to cause me death or bodiy injury." ███████ ██████████████████████████████████████████████████████████████ I am here to stop it all the way at the US Supreme Court level. Nothing will stop me from litigating this.

For such reasons, I ask the PL 240.30 (1) [aggravated harassment by telephone] to be found unconstitutional. Additionally, I want to find PL 240.30 (2) , (3), and (4) to be unconstitutional as well. Read the statatute for yourself. Someone could easily to make up a story saying a call was placed [even anonymous] or someone kicked or shoved them, but no injuries ensued. It's a pandora box that leads to flood of litigations and taxpayers like myself have to suffer to prosecute "false complaints." I am aggravated to see that. This is unfair to me and similarly situated Defendants and taxpayers.

I do not tolerate false arrests. I think a regular harassment statute, PL 240.26 is sufficient enough. These low-lives, like Defendant Ivanishina, intentionally make up false statements to get what they want. ██████████████████████████████████████████████ ████████████████████████████████████████████████████████████ Ivanishina and her puppet Pronab Adhikary intentionally made false allegations. It is almost impossible to disprove a prima facie case for Aggravated Harassment because you can even say someone called me from "unanimous number" and I believe it is Defendant.

I do not want to go to motives why women make false complaints. Everyone has a different motive. I want the US District Court to find the PL 240.30(1), (2), (3), and (4) to be unconstitutional for vagueness. Also, I want to point out, PL 240 (3) and (4) include kicking and shoving. Although kicking and shoving is not right, but in absence of an injury, that's why we have PL 240.26 in place. If injury is involved, then Assault statutes are in place.

### Claim #2 against the State of New York

I want the State to "expunge" my arrest and "conviction." If I am found not guilty, I would like to have my conviction and my arrest to be "expunged" because if I go for job interview, I do not want to say I was arrested because a person whose criminal charges are dismissed maintains his innocence. Therefore, the State is not justified to keep a "sealed" record of my arrest. The Law must be changed to have such record "expunged," not sealed, not some States of the Union do so already. I was born innocent, and I will live innocent lifestyle.

### Claim # 3 against the State of New York

I want the Kings County Family Court to dismiss Julia Ivanishina's OOP complaint against me because such is made with an intent to prevent me from seeing my biological minor son, M.I.I. [I intentionally identify minor by his initials rather than full name]. This complaint is done by Defendant Ivanishina and her boyfriend Pronab Adhikary subsequent to the arrest. Adhikary has an interest to prevent me from seeing my ex-wife because he has a jealousy that my ex will come back to me. ███████████████████████████████████████ ██████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████████ All I want is to reestablish good relations with my biological son and give me custody, or alternatively, visitation rights. When my son will grow up, he will find the truth either way. But it should be a matter of public policy to impose sanction to discourage people for using judicial system to get OOP based on false information. Today, OOPs from Family Court is given like a "candy" to kids during Halloween. All you have to do is to ask for one.


### RELIEF REQUESTED FROM THE STATE OF NEW YORK

All my remedies against the State are injunctive reliefs, which are as follows:

1. Find PL 240.30 (1), (2), (3) and (4) unconstitutional for vagueness and overbroad.
2. Expunge my arrest records
3. Have Kings County Family Court dismiss Defendant's OOP claim against me with prejudice, and if the Court finds that this OOP was filed on false pretenses, then I would kindly ask the Court to issue sanctions to discourage such behavior. I also ask the Family Court to issue custody, or alternatively, visitation rights to my son M.I.I.

## IV.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

See attached sections of "Relief Requested from the City of New York, NYPD as well as NYPD Individual Officers as well as Julia Ivanishina, Prob ab Admikary, and his parents", AND " Relief Requested from the State of New York.

## V.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 06/20, 2022

Signature of Plaintiff

Printed Name of Plaintiff    Ilya Feliksovich Posilevich

**A.**    **For Parties Without an Attorney**

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: **06/ 20**    , 20 **22**

Signature of Plaintiff    _Ilya F. Iosilevich_

Printed Name of Plaintiff    _Ilya Feliksovich Iosilevich_

# EXHIBIT A

**Criminal Court of the City of New York**
**120 Schermerhorn Street**
**Brooklyn, New York 11201**

NEW YORK NY 100

. 23 MAR 2021PM 14 L

U.S. POSTAGE ≫ PITNEY BOWES

ZIP 10013    $ 000.51⁰
02 4W
0000346906 MAR 23 2021

*criminal court disposition*

IIYAF. IOSILEVICH
C/O IGOR GNEZDILOV
1507 AVENUE O, 3RD FLOOR
BROOKLYN, NY  11230

11230-661907

Certificate #: U-000023948-N

Page 1 of 1



# KINGS CRIMINAL COURT

120 Schermerhorn St., Brooklyn, NY 11201

Phone: (646) 386-4500  Fax: (718) 643-7733

**NO FEE**

Non-Public
Version

---

The People of the State of New York

vs.

**Ilya Iosilevich**

**Certificate of Disposition**

Docket Number: **CR-003110-21KN**

Defendant DOB: **01/24/1986**

Arrest Date: **02/04/2021**    Arraignment Date: **02/04/2021**

---

THIS IS TO CERTIFY that the undersigned has examined the files of the **Kings Criminal Court** concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 240.30 01A AM Agg Harassment 2 - Threat **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 2 | PL 240.30 01B AM Aggravated Harassment 2nd **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 3 | PL 120.45 01 BM Stalking 4th:Cause Fear **SEALED 160.50** | BM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 4 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |

Charge Weight Key: I=Infraction; V=Violation; AM. BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated: **March 16, 2021**

Chief Clerk/Clerk of the Court

## CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)] Charges may not be the same as the original arrest charges.

CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

# EXHIBIT B

*My Personal Copy*

OFFICE OF THE COMPTROLLER CITY OF NEW YORK

NOTICE OF CLAIM

CLAIMANT INFORMATION

CLAIMANT'S NAME: *Ilya Feliksovich Iosilevich*   TEL. #: *347 254-9395*

STREET   ADDRESS: *2401 Mermaid Avenue*

CITY: *Brooklyn*   STATE: *NY*   ZIP: *11224*

SOC. SEC. # or TAX I.D. #: *947773*

CLAIM INFORMATION

CITY AGENCY INVOLVED: *New York City Police Department*

NATURE OF CLAIM: (ATTACH ADDITIONAL SHEET(S) OF PAPER, IF NECESSARY)

*Please see attached "Incorporated Document" as part of Notice of Intent to file a claim against the City of New York, NYPD, individual NYPD officers Julia Ivanchina, Pronob Adhikary both of Pronob Adhikary's parents & his sister, and State of New York*

TOTAL   AMOUNT   CLAIMED: $ *130,000*

IF MORE THAN ONE ITEM IS INCLUDED IN THE TOTAL AMOUNT CLAIMED, SUPPLY BREAKDOWN OF AMOUNTS AND SPECIFY ITEMS: (ATTACH ADDITIONAL SHEET(S), IF NEEDED)

| ITEM | AMOUNT |
|------|--------|
| 1. _____ | $ _____ |
| 2. _____ | |
| 3. _____ | |
| 4. _____ | |
| 5. _____ | $ _____ |

*Please see "Remedy Requested from The City of New York" et al in Incorporated document.*

PLEASE ATTACH COPIES OF SUPPORTING DOCUMENTATION, PREVIOUS CORRESPONDENCE, INVOICES, ETC.

CLAIMANT'S SIGNATURE: *[signature]*

SS: STATE OF N.Y.
CITY OF N.Y. SUBSCRIBED AND SWORN TO BEFORE ME THIS ___ DAY OF *June*, 20__

_____ NOTARY

TO: OFFICE OF THE COMPTROLLER
DIVISION OF LAW - RM.1225 South
1 CENTRE STREET
NEW YORK, N.Y. 10007
TELEPHONE # (212) 669-4736

**YISSACHAR D. SUGAR**
**Notary Public, State of New York**
**No.24—5007883**
**Qualified in Kings County**
**Commission Expires Feb. 8, 20**

2021 JUN -2 P 3: 14

NYC COMPTROLLER
BUR. INFORMATION SYSTEM
CENTRAL IMAGING FACILITY
RECEIVED

**NOTICE OF INTENT TO FILE A CLAIM AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INDIVIDUAL NYPD OFFICERS, JULIA IVANIHSINA, PRONAB ADHIKARY, BOTH OF ADHIKARY'S PARENTS & his Sister AND STATE OF NEW YORK**

From:  Ilya Feliksovich Iosilevich
       2401 Mermaid Avenue
       Brooklyn, NY 11224
       Email: iiosilevich@gmail.com

To:    New York State Attorney General's Office (on behalf of New York State and New York State Police)
       Attn: Attorney General Latitia James
       28 Liberty Street
       New York, NY 10005
       Main Line: (212) 364-6010
       Fax Number: (646) 356-3000

CC:   New York State Department of State [on behalf of New York State]
       Attention: Commissioner of NYS Department of State
       123 William Street
       New York, NY 10038

**Nature of Claim**

      Please see applicable section of "INCORPORATED DOCUMENT AS PART OF NOTICE OF INTENT TO FILE A CLAIM AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INDIVIDUAL NYPD OFFICERS, JULIA IVANIHSINA, PRONAB ADHIKARY, BOTH OF ADHIKARY'S PARENTS & his Sister AND STATE OF NEW YORK"

**Itemized damages/injuries claimed**

      Please see applicable section of "INCORPORATED DOCUMENT AS PART OF NOTICE OF INTENT TO FILE A CLAIM AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INDIVIDUAL NYPD OFFICERS, JULIA IVANIHSINA, PRONAB ADHIKARY, BOTH OF ADHIKARY'S PARENTS & his Sister

AND STATE OF NEW YORK." Particularly, please take a look at Remedy Requested. If you read Facts of the case, it will tell you the time and manner in which damages arose.

Sincerely yours,

Mr. Ilya F. Iosilevich

**YISSACHAR D. SUGAR**
Notary Public, State of New York
No.24—5007883
Qualified in Kings County
Commission Expires Feb. 8, 20

*sworn before me on*
*6/2/2021*

**INCORPORATED DOCUMENT AS PART OF NOTICE OF INTENT TO FILE A CLAIM AGAINST THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, INDIVIDUAL NYPD OFFICERS, JULIA IVANIHSINA, PRONAB ADHIKARY, BOTH OF ADHIKARY'S PARENTS & his Sister AND STATE OF NEW YORK**

## PRELIMINARY STATEMENT

1.      This is an action for monetary damages I intend to bring pursuant as a Plaintiff to the Civil Rights Act of 1871, 42 U.S.C. § 1983 for the Defendants commission of acts under color of law in violation of the my rights under the Fourth and Fourteen Amendments to the Constitution of the United States, and; an injunctive relief, requesting disciplinary action (including dismissal of NYPD for adding other Defendants to commit perjury and knowingly file false complaint) of Defendant off-duty probationary police officer Pronab Adhikary *only*, and monetary relief against him on grounds of negligent hiring and negligent retention pursuant to Court's supplemental jurisdiction under 28 U.S.C. § 1367.

## JURISDICTION

2.      This action arises under the Fourth and Fourteens Amendments to the United States Constitution and 42 U.S.C. § 1983, as well as supplemental jurisdiction to preside over state claims under 28 U.S.C. § 1367.

3.      Jurisdiction of intended action is conferred by 28 U.S.C. §§ 1331, 1343 (3) and (4) to be United States District Court for Eastern District of New York.

## VENUE

4.      Venue is proper pursuant to 28 U.S.C. § 1391 (b) in that, *inter alia*, the events giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

5.      I will demand a trial by jury on each and every one of my claims as I plead herein.

## PARTIES

6.      I am a resident of New York City.

7.      Defendant the City of New York ("City") is a municipal corporation withing the State of New York.

8.      Defendant New York City Police Department (the "NYPD") is the department of the City responsible for, among other functions, arresting persons for offenses and maintaining custody over such persons prior to their initial appearance in court. At al times relevant hereto, defendant NYPD, together wit the City, was responsible for the policy, practice, supervision,

implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel. IN addition, at all relevant times, the NYPD, together wit the City, was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obeyed the Constitution and laws of the United States and of the State of New York.

9.    Defendant, Alexander R. Cedillo a/k/a Alex Cedillo, "John Doe #1" [my arresting officer], "John Doe #2" [my arresting officer's partner], "John Doe #3" [patrol supervisor/NYPD Captain who pulled me over on date and time of arrest in his unmarked police vehicle] were employed by the NYPD who were at all relevant times herein acting in their capacity as agents, servants, and employees of the City. Defendant Cedillo, in particular, was also acting in his individual capacity in addition to employment capacity.

10.    Defendant, Julia Nikolayevna Ivanishina a/k/a Julia Iosilevich-Ivanishina [my ex-wife] was acting in her individual capacity.

11.    Defendant Pronab Adhikary [ boyfriend/spouse of Julia Ivanishina] was acting in his employment and individual capacity, and both of his parents and his sister who created false complaint report [a/k/a form "61"] on me with malice aforethought to get me an additional arrest.

12.    Individual Defendants will be sued in their individual capacities.

13.    At all times relevant herein, defendant Cedillo held the rank of captain and was acting as the Executive Officer of 63rd Precinct of NYPD, as well as, Domestic Violence Coordinator. Defendant Cedillo is also the individual who made determination to initiate my arrest by giving orders to Defendants John Doe #1, John Doe #2, and John Doe #3.

14.    At all times relevant herein, the Individual Defendants, with an exception of Defendants Ivanishina and Adhikary, were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the City and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. The Individual Defendants were acting for and on behalf of the City at all times relevant herein with the power and authority vested in them as officers, agents and employees of the City and incidental to the lawful pursuant of their duties as officers, employees and agents of the City.

## STATEMENT OF FACTS

15.    On or about the evening of January 26, 2021 I attempted to serve Defendants Ivanishina and Adhikary with Summons and Complaint issued by NYC Civil Court, Kings County, index # CV-020958-20/KI.

16.    Defendant Ivanishina's neighbor let me in the building lobby of 2065 West 6th Street, Apt 1-F, Brooklyn, NY 11223, where Defendants Ivanishina and Adhikary reside.

17.     When I lightly knocked on her apartment door, Defendant Ivanishina asked me what I want. I replied, "I want to speak with you and give you something." In a background I hear Defendant Adhikary instructs Defendant Ivanishina to call the police.

18.     Defendant Ivanishina starts calling my wife, Oksana Kovtun, in order for my wife to hear my voice.

19.     Defendant Ivanishina informed me that she does not want to see me, which at that point I left without arguing.

20.     Defendant Ivanishina's apartment door remained locked at all times.

21.     I remained behind Defendant Ivanishina's door for an estimate period of approximately 1-2 minutes before I left.

22.     I left with failed attempt to serve Summons and Complaint on Defendants Ivanishina and Adhikary.

23.     I did not call, text, fax, mail, email, Defendant Ivanishina after this incident.

24.     Defendants Ivanishina and Adhikary called the police and made a Complaint Report and Domestic Incident Report upon arrival of police officers from 62nd Precinct. The allegations set forth in Complaint report to the best of my knowledge and belief is that I allegedly was banging on and kicking the door with feet, and that such alleged actions presumably placed Defendant Ivanishina in fear of her safety and well-being. I did not see the copy of neither Domestic Incident Report nor Complaint Report. I base my knowledge and belief from what was told to me by my Defense Counsel during the Arraignment of February 4, 2021.

25.     Defendant Adhikary had aided and abetted Defendant Ivanishina in committing acts of perjury by "*coaching*" Defendant Ivanishina on what to say in the Domestic Incident Report order to later obtain Order of Protection against me from Family or Criminal courts.

26.     Defendant Adhikary has personal vendetta against me because he loves my ex-wife and wanted to do anything he can in order to have my wife turn against me; Defendant Adhikary even prohibits my wife from letting me see my own biological son, which I share with Defendant Ivanishina.

27.     Defendant Adhikary is employed by New York City Police Department and received training and experience from working in NYPD, and utilizes his knowledge with malice aforethought to intentionally have me arrested and have Order of Protection issued in order to prevent me from seeing my son and my ex-wife, who I once shared love and affection.

28.     Defendant Adhikary should have been interrogated by New York City Police Department at procedure known as "GO-15" regarding this incident, however, the Police Officers on scene instructed Defendant Adhikary not to mention he is a cop to avoid being questioned.

29. Defendant Adhikary's false statements coupled with convincing Ms. Ivanishina to make false report against me constitute indirect or direct false statement on official instrument [referring to Complaint Report and Domestic Incident Report].

30. Making false statements, or aiding and abetting someone to make false statements by giving direct advice not only constitute an act of perjury, but further constitute violation of Civil Rights because Defendant Adhikary is entrusted to enforce the laws of this State. Instead, Defendant Adhikary broke the public trust and violated my civil rights by acting in concert with other co-Defendants with malice aforethought to get me falsely arrested and have Order of Protection issued. Once Order of Protection is issued, I cannot see my ex-wife and my son.

31.     To make it clear, although I had feelings for my ex-wife who I love once so much, I cannot forgive her for cheating on me with Defendant Adhikary, after she engaged in oral and anal sex with Defendant Adhikary, while being still married to me. I do, however, want to see my son, however, I will file a separate Family Court petition in future. My purpose of a visit, for clarification, was to serve my  Summons and Complaint issued by NYC Civil Court, Kings County upon my ex-wife.

26.     Police Officers on scene took pictures of the incident, including the picture of a door. From what I was told by my Criminal Defense Attorney, the picture of a door shows the door was still white with no marks from the shoes, even though the snow was still on the ground on the day on an incident.

15.     Defendant Cedillo had conducted proper computer checks using Department Computer prior to ordering my arrest. Computer checks include looking at the history of all Complaint Reports, Domestic Incident Reports filed against me, NYPD Internal Affairs (IAB) log numbers, and my NYPD Disciplinary History, which includes all allegations of misconduct that were alleged against me, including final dispositions.

15.     Prior to initiating an arrest, Defendant Cedillo reviewed the Complaint Report and photographs at the place of an incident location of 2065 West 6th Street, Apt 1-F, Brooklyn, NY 11223.

16.     The supporting pictures acquired of a door that was allegedly "kicked on" did not show any footprints, even though it was a snow on a ground, which would leave marks on a white door, if anyone would have kicked the door.

17.     Defendant Cedillo, reviewed all evidence acquired at the scene of alleged incident and did not find any evidence to substantiate an arrest. However, to make charges stick, Defendant Cedillo reviewed previous complaints filed against me by Defendant Ivanishina. One of such complaints, as I was told included an allegation of assault that "allegedly" took place in year 2014, but was investigated in 2016.

18.     To make it clear, I did not assault my ex-wife in year 2014. However, she made false allegation against me in 2016 because she was coached that if she "plays victim," she will receive more of marital assets, child support and alimony.

19.     Sometime on or about February 3, 2021 Defendants Ivanishina and Adhikary contacted my wife, Oksana Kovtun, and offered to join them in making false complaints against me. Oksana Kovtun agreed. Together, these Defendants went to 63 precinct to draft a Criminal Complaint against me.

20.     On February 3, 2021, I was arrested by 63 precinct. Particularly, I was apprehended by two police Officers [one of which was my arresting officer] in the marked police vehicle [one of which is identified] and by some unknown police Captain, who I do not know.

21.     When I asked my arresting Officer, "Why am I being arrested?", he responded, "I don't know. It's coming from the Captain, not me. I am just assigned to process your arrest."

21.     At 63 precinct, I was told by my arresting officer that Defendant Cedillo wishes to speak with me. I was taken to his room.

22.     Defendant Cedillo, turned on his body-camera, read me Miranda rights and started questioning me. During the questioning, he made the following statements *in substance* that made me to conclude that he intentionally wanted me to get arrested and wanted to (1) fabricate charges that are not true and (2) boost up charges from "alleged" assault 3rd degree to assault 2rd and from harassment to aggravated harassment. These statements are as follows:

*I looked at your history, and you should have been fired from Police Department instead of letting you to resign.*

I *will give charge you with crimes that took place in 2014, even though you might beat them with your attorney* [meaning based on Statute of Limitations].

*I will drop a book on you* [meaning he would throw every possible charge he could think of].

23.     The body camera footage should still be preserved.

24.     Before I departed the Precinct, I was told that there is a "third complaint" from Queens for which I was supposed to be arraigned for. This third complaint, was a fabricated story that Defendant Pronab "coached" his parents to make against me in order to get me arrested. He didn't want to do it himself because he does not want to have NYPD Internal Affairs involved while he is still on probation.

25.     After I arrived to Central Bookings, my Criminal Defense Attorney read me charges against me where complainant was Defendant Ivanishina. My attorney told me that the only charge that District Attorney's Office kept was Aggravated Harassment.

26. On March 3, 2021 [the second arraignment date], I discovered that DA's Office declined to prosecute me on complaint filed by Defendant Ivanishina.

## CAUSES OF ACTION

## FIRST CAUSE OF ACTION

### 42 USC § 1983 Against Individual NYPD Defendants

27.     All other paragraphs herein are incorporated by reference as through fully set forth.

28.     By arresting, detaining and charging me, the Individual NYPD Defendants engaged under color of law in the violation of my rights under the Fourth and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. § 1983, and Article I of New York State Constitution to, *inter alia*, be free from unreasonable searches and seizures, false arrest and imprisonment.

## SECOND CAUSE OF ACTION

### 42 USC § 1983 Against New York City Police Department

29.     All other paragraphs herein are incorporated by reference as through fully set forth.

30.     New York City Police Department is vicariously liable for the actions of its Individual Defendants based on Doctrine of *Respondeat Superior*.

31.     New York City Police Department is particularly liable for improper training of its employee, Captain Cedillo.

32.     The Department is also liable for covering up the investigation of Captain Cedillo by Inspector Dennis Fulton. I filed CCRB complaint against Captain Cedillo and my complaint was forwarded to Commissioner's Officer and investigation was under Inspector Fulton, who covered up for Defendant Cedillo.

33.     NYPD further negligently hired and retained Officer Pronab Adhikary. Proper background checks would reveal that he is prone to commit perjury, fabricate testimony on written instrument, etc.

34.     NYPD failed to file Internal investigation by Internal Affairs Bureau for Pronab Adhikary regarding his act of "coaching" Defendant Ivanishina, his parents to make false complaints. Also, NYPD failed to investigate the threats he made to me to get me arrested or "shot" if I ever come close to him [even though I came peacefully to serve Summons & complaint on Defendant Ivanishina and him; and I also have my biological son living in his household now].

35.     Because of Pronab's position in NYPD, the Department tried to "cover up" for him and decided to have the complaint taken from Defendant Julia, rather than Defendant Pronab to avoid making it an "off-duty" incident, at the time complaint was first lodged. If this was an "off duty incident," then Duty Captain would have interviewed Defendant Pronnab at time Defendant Ivanishina made a complaint.

## SECOND CAUSE OF ACTION

### 42 USC § 1983 Against the City of New York

35.    All other paragraphs herein are incorporated by reference as though full set forth.

36.    Municipal liability for the violations of my Fourth Amendment rights rests upon the grounds set forth above.

37.    Municipality is vicariously liable for the actions of its civil servants, whether on or even off-duty, as in the case of [Defendant Pronab] based on common law doctrine of *Respondeat Superior.*

38. At tall times material to this complaint, the defendant City, acting through defendant NYPD and the individual defendnats, had *de facto* policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, the defendant City, acting though defendant NyPD and the Individual Defendants, had *de facto* policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees and police officers, and of failing to inform the Individual Defendants' supervisors of ther need to train, screen, supervise or discipline said defendants. The policis, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

40.    At all times material to this Complaint, the defendant City, acting rhoug the NYPD had a *de facto* policy, custom and/or practice of imposing arrest quoats on its officers generally and on the Individual Defendants [except Defendant Pronab, who was off duty at time of incident] specifically. The existence of this unconstitutional policy, custom and/or practice may be inferred, *inter alia*, from:

 a) the following news reports:

*i)* Rocco Parascandola, *NYPD Lt. Janice Williams Captured on Tape Pushing for More Busts, but Brass Says There's No Quotas,* March 3, 2011:

*ii)* Oren Yaniv, *Court Rules That Cops Do Use Quotas; Woman Injured in 2006 Arrest Settles for $75,000* New York Daily News February 19, 2011;

*iii)* Orven Yaniv, *Capt. Loinks Arrets to Evaluation of Cops, Lawyer Alleges in Lawsuit,* New York Daily News, February 15, 2011;

*iv)* Al Baker and Liz Robbins, *A Quota by Any Other Name,* New York Times, January 13, 2011;

*v)* Rocco Parascandola, *Deputy Chief Michael Marino Thretens Cops at 79th Precinct Who Want to Go on Summons Strike,* New York Daily News, December 15, 2010;

*vi)* James Fanelli, *Cops at Brooklyn's Crime-ridden 77th Precinct Told to Meet Quotas for Moving Violations, Memo Says,* New York Daily News, November 8, 2010.

*vii)* Al Baker and Ray River, *In Secret Tape, New York Police Press Ticket Quotas,* New York Times, September 10, 2010.

*viii)* Kareem Fahim, *Police in Brooklyn Used Illegal Tickets Quotas, Arbitrator Decides,* January 20, 2006; and

*b)* the audio/video recording of body-footage camera on of Cpt. Cedillo will reveal that he made an arrest not only to get his vengeance, but also to meet his quotas. De *Please see the video that is in possession of NYPD.*

## THIRD CAUSE OF ACTION

### Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

All above mentioned Defendants cause had committed Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress. It is obvious that by having me falsely arrested, I will suffer emotional distress. Such distress was inflicted both intentionally and negligently.

## FOURTH CAUSE OF ACTION

### Collateral consequences and loss of potential income from the Army National Guard

I suffer money damages. In a military because of this arrest I am being "flagged" in a military. I could not get favorable assignments, thus loss of potential income. *Please see attached* Counseling Statement from the military. Additional collateral consequences included suspension of my TLC license [loss of income], and I will have to not explain my arrest to Ethics Committee after I take the BAR exam.

## FIFTH CAUSE OF ACTION

### Collateral Damages and loss of actual income

I am losing time from work litigating this case. I am asking to get reimbursed for time lost from work, from school [I was supposed to be in school on day of arrest], litigating this case. I will also ask for reasonable attorney fees.

### REMEDY REQUESTED FROM THE CITY OF NEW YORK, NYPD, as well as NYPD Individual Officers, as well Julia Ivanishina, Pronab Adhikary and his parents [who are jointly and severally liable for my damages]

1. I value my liberty and for the violation of my 4th and 14th Amendment unlawful seizure of my body and further malicious prosecution (substantive due process violation) I am requesting a remedy of $100,000 from all defendants who are jointly and severally liable for my damages.
2. I demand $13,000 for Intentional and Negligent Infliction of Emotional Distress.

3. I demand $10,000 for lost profits from military

4. I demand additional $7,000 for cause of action 4 and 5 ( time lost from work, from school, and cost of litigation). Note, amount will be higher, if I will have to hire an attorney.

Total amount of damages demanded from all Defendants, who are jointly and severally liable to me: $130,000

# CLAIM AGAINST STATE OF NEW YORK

## CLAIM # 1

In 2014 in case of *People of the State of New York v. Raphael Golb* [Argued March 25, 2014 Decided May 13, 2014], the New York State Court of Appeals found Penal Law § 240.30 (1) to be unconstitutional for vagueness and overly broad. The statute opens a pandora box for a lot false complaints. Women like Julia Ivanishina have to say magic words, "My husband/boyfriend/ or an ex-husband threatened to cause me death or bodiy injury." As a matter of public policy the society cannot let these low-life sluts, who marry men for their money or green card, and then "play victim" get away with making false allegations. I am here to stop it all the way at the US Supreme Court level. Nothing will stop me from litigating this.

For such reasons, I ask the PL 240.30 (1) [aggravated harassment by telephone] to be found unconstitutional. Additionally, I want to find PL 240.30 (2) , (3), and (4) to be unconstitutional as well. Read the statatute for yourself. Someone could easily to make up a story saying a call was placed [even anonymous] or someone kicked or shoved them, but no injuries ensued. It's a pandora box that leads to flood of litigations and taxpayers like myself have to suffer to prosecute "false complaints." I am aggravated to see that. This is unfair to me and similarly situated Defendants and taxpayers.

I do not tolerate false arrests. I think a regular harassment statute, PL 240.26 is sufficient enough. These low-lives, like Defendant Ivanishina, intentionally make up false statements to get what they want. As I said, Defendants like Ivanishina are born with low IQ. They do not comprehend that if they cause me damage today, tomorrow they will have more to lose. Ivanishina and her puppet Pronab Adhikary intentionally made false allegations. It is almost impossible to disprove a prima facie case for Aggravated Harassment because you can even say someone called me from "unanimous number" and I believe it is Defendant.

I do not want to go to motives why women make false complaints. Everyone has a different motive. I want the US District Court to find the PL 240.30(1), (2), (3), and (4) to be unconstitutional for vagueness. Also, I want to point out, PL 240 (3) and (4) include kicking and

shoving. Although kicking and shoving is not right, but in absence of an injury, that's why we have PL 240.26 in place. If injury is involved, then Assault statutes are in place.

### Claim #2 against the State of New York

I want the State to "expunge" my arrest and "conviction." If I am found not guilty, I would like to have my conviction and my arrest to be "expunged" because if I go for job interview, I do not want to say I was arrested because a person whose criminal charges are dismissed maintains his innocence. Therefore, the State is not justified to keep a "sealed" record of my arrest. The Law must be changed to have such record "expunged," not sealed, not some States of the Union do so already. I was born innocent, and I will live innocent lifestyle.

### Claim # 3 against the State of New York

I want the Kings County Family Court to dismiss Julia Ivanishina's OOP complaint against me because such is made with an intent to prevent me from seeing my biological minor son, M.I.I. [I intentionally identify minor by his initials rather than full name]. This complaint is done by Defendant Ivanishina and her boyfriend Pronab Adhikary subsequent to the arrest. Adhikary has an interest to prevent me from seeing my ex-wife because he has a jealousy that my ex will come back to me. Just to make it clear, I do not want that slut back. Taking her back is analogous to driving a salvage vehicle, with excessive mileage. I have a high self- esteem and I do not want to take this "garbage," that performed an oral and anal sex on this Bengali guy Pronab, *while being married.* As for him, he did a great job of ruining one man's family.  All I want is to reestablish good relations with my biological son and give me custody, or alternatively, visitation rights. When my son will grow up, he will find the truth either way. But it should be a matter of public policy to impose sanction to discourage people for using judicial system to get OOP based on false information. Today, OOPs from Family Court is given like a "candy" to kids during Halloween. All you have to do is to ask for one.

### REMEDY REQUESTED FROM THE STATE OF NEW YORK

All my remedies against the State are injunctive reliefs, which are as follows:

1. Find PL 240.30 (1), (2), (3) and (4) unconstitutional for vagueness and overbroad.
2. Expunge my arrest records
3. Have Kings County Family Court dismiss Defendant's OOP claim against me with prejudice, and if the Court finds that this OOP was filed on false pretenses, then I would kindly ask the Court to issue sanctions to discourage such behavior. I also ask the Family Court to issue custody, or alternatively, visitation rights to my son M.I.I.

I respectfully ask the State of New York and the City of New York, NYPD, individual NYPD Officers to respond within 30 days, if possible. Thank you!

Sincerely yours,

Mr. Ilya F. Iosilevich

2401 Mermaid Avenue

Brooklyn, NY 11224

Tel # (347) 254-9395

Email: iiosilevich@gmail.com

*Complaint I tried to serve on or about February 1, 2021*

## Civil Court of the City of New York

**County of Kings**

Index Number: CV-020958-20/KI

*at 2065 W 6 St, Apt 1F, Brooklyn, NY 11223*

Ilya Iosilevich

    Plaintiff(s) *pursuant to CPLR 306 (e)*

-against-

Natalia Ivanishina AKA Natalia Ivanishina-Keselman, AKA Natalia Roy; Alex Roy AKA Alexander Roy; Julia Ivanishina AKA Julia Iosilevich-Ivanishina; Pronab Adhikary; Ranjita Adhikary; Profulla Adhikary; Manotosh Adhikary

    Defendant(s)

**SUMMONS WITH ENDORSED COMPLAINT**

**BASIS OF VENUE:**
Where Cause of Action Arose

Plaintiff's Residence Address (s) :
Ilya Iosilevich
2401 Mermaid Avenue
Brooklyn, NY 11224

To the named defendant (s)
Natalia Ivanishina (Deft), at 142 Van Sicklen Street, Brooklyn, NY 11223
Alex Roy (Deft), at 142 Van Sicklen Street, Brooklyn, NY 11223
Julia Ivanishina (Deft), at 2065 West Sixth Street, Apt. 1-F, Brooklyn, NY 11223
Pronab Adhikary (Deft), at 135-03 116th Street, South Ozone Park, NY 11420-3618
Ranjita Adhikary (Deft), at 135-03 116th Street, South Ozone Park, NY 11420-3618
Profulla Adhikary (Deft), at 135-03 116th Street, South Ozone Park, NY 11420-3618
Manotosh Adhikary (Deft), at 135-03 116th Street, South Ozone Park, NY 11420-3618

**YOU ARE HEREBY SUMMONED** to appear in the Civil Court of the City of New York, County of Kings at the office of the Clerk of the said Court at **141 Livingston Street** in the **County of Kings, City and State of New York,** within the time provided by law as noted below and to file your answer to the (endorsed summons) (annexed complaint) * with the Clerk; upon your failure to answer, judgment will be taken against you for the total sum of $4,500.00 and interest as detailed below. Plaintiff's work sheet may be attached for additional information if deemed necessary by the clerk.

Date:November 18, 2020

                               Alia Razzaq, Chief Clerk

### ENDORSED COMPLAINT

The nature and the substance of the plaintiff's cause of action is as follows: **Monies Due for $3,500.00 with interest from 09/30/2015; Loss of time for work for $1,000.00 with interest from 09/30/2015.**

### *NOTE TO THE DEFENDANT*

    *A) If the summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or*

    *B) If the summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.*

    *C) Following CPLR 321(a) corporations must be represented by an attorney.*

### * NOTE TO THE SERVER OF THE SUMMONS

The person who serves the summons should complete the Affidavit of Service and shall file it in the Clerk's Office in the county where the action is brought.

**PLAINTIFF'S CERTIFICATION**
*( See 22NYCRR, Section 130-1.1a)*

SIGN NAME:
PRINT NAME: Ilya Iosilevich

For Information, answer forms and to track court dates, go to *WWW.NYCOURTS.GOV/NYCCIVIL*

*Charges filed by direction of NYPD Captain Cedillo of 63 precinct*

**Taxi & Limousine Commission**

Aloysee Heredia Jarmoszuk, Commissioner/Chair
Mohammed Akinlolu, Assistant Commissioner
Office of Legal Affairs - Prosecution
31-00 47th Avenue, 3rd Floor
Long Island City, NY 11011
suspensionsa@tlc.nyc.gov

February 8, 2021

**ILYA IOSILEVICH**
**589 MAYFAIR DRIVE SOUTH 1ST FLOOR**
**BROOKLYN, NY 11234**

## DIRECTIVE AND NOTICE OF ARREST SUSPENSION
### TLC License No.5889158

Dear ILYA IOSILEVICH:

The Department of Criminal Justice Services ("DCJS") has notified the Taxi and Limousine Commission ("TLC") that **on or about FEBRUARY 04, 2021,** you were arrested for the following offense(s):

**PL 120.00 ASSAULT THIRD DEGREE: WITH INTENT TO CAUSE PHYSICAL INJURY**
**PL 120.05 ASSAULT SECOND DEGREE: INTENT TO CAUSE PHYSICAL INJURY WITH WEAPON/INSTRUMENT**
**PL 120.14 MENACING-SECOND DEGREE: WEAPON**

Pursuant to TLC Rule 68-15 (d)(1), TLC has suspended your license based on this arrest. While your license is suspended, you cannot drive as a TLC Licensee.

**YOU ARE ENTITLED TO A PROMPT HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE TO DETERMINE WHETHER YOUR LICENSE SHOULD BE REINSTATED.**[1]

**TO SCHEDULE A HEARING, PLEASE EMAIL suspensionsa@tlc.nyc.gov.**

YOU MAY HAVE A LAWYER OR OTHER AUTHORIZED PERSON REPRESENT YOU AT THE HEARING, OR YOU MAY REPRESENT YOURSELF.

TLC may also lift the suspension, possibly without a hearing, if you notify TLC that there has been a significant change in your criminal case, such as a dismissal or other favorable disposition of the above charge(s), or reduction of the charge(s) to a less serious offense. Please notify TLC immediately if that is the case.

---

[1] TLC's practices with respect to suspensions on arrest have changed as a result of the federal court decision in *Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019).



**Taxi & Limousine
Commission**

Aloysee Heredia Jarmoszuk, Commissioner/Chair
Mohammed Akinlolu, Assistant Commissioner
Office of Legal Affairs - Prosecution
31-00 47th Avenue, 3rd Floor
Long Island City, NY 11011
suspensionsa@tlc.nyc.gov

To request a hearing or to notify TLC of a significant change in your criminal case, please email suspensionsa@tlc.nyc.gov. Be sure to include your full name, a callback number and your TLC License Number. Unless you request a longer amount of time, your hearing will be scheduled to be held within 10 calendar days of your request at the New York City Office of Administrative Trials and Hearings.

Pursuant to TLC Rule 80-12(h), if you are convicted in your criminal case, **you must notify TLC of the final disposition of your criminal case within fifteen (15) days of the disposition (whether there is a conviction, a dismissal or an adjournment)**. A copy of the Certificate of Disposition issued by the Court may be submitted via:

1. Email to suspensionsa@tlc.nyc.gov; or
2. Mail to Tamara Forsythe, NYC Taxi and Limousine Commission, 31-00 47th Avenue, 3rd Floor, New York, Long Island City New York 11101,

**YOU MUST INCLUDE YOUR TLC LICENSE NUMBER ON ALL PAPERWORK SUBMITTED.**

**IMPORTANT NOTICE**: If you are convicted (this includes guilty pleas) of a felony, or certain misdemeanors or violations (including, but not limited to, Driving While Ability Impaired, VTL § 1192.1), TLC will seek the revocation of your license, and you will be barred from applying for a new license for **three years**. It is strongly recommended that you consult with an attorney to learn how your criminal case may affect your TLC license before your criminal case has concluded.

Sincerely,

*Anita Armstrong*
*Agency Attorney*

<u>Certificate of Mailing:</u>
"I affirm that on **February 8, 2021**, I emailed a true copy of this summons to the TLC's mail room staff to pick up. In the regular course of business, a member of the TLC mail room staff will deposit TLC outgoing mail into the custody of the United States Postal Service for regular first-class mail delivery within two business days of the date below."

By: _Tamara Forsythe_____     Signature: _____     Date: 2/8/21



**Taxi & Limousine Commission**

Aloysee Heredia Jarmoszuk, Commissioner/Chair
Mohammed Akinlolu, Assistant Commissioner
Office of Legal Affairs - Prosecution
31-00 47th Avenue, 3rd Floor
Long Island City, NY 11011
suspensionsa@tlc.nyc.gov

February 9, 2021

**ILYA IOSILEVICH**
**589 MAYFAIR DRIVE SOUTH 1ST FLOOR**
**BROOKLYN, NY 11234**

<u>**DIRECTIVE AND NOTICE OF ARREST SUSPENSION**</u>
**TLC License No.5889158**

Dear ILYA IOSILEVICH:

The Department of Criminal Justice Services ("DCJS") has notified the Taxi and Limousine Commission ("TLC") that **on or about FEBRUARY 04, 2021**, you were arrested for the following offense(s):

**PL 146.05 CRIMINAL MISCHIEF THIRD DEGREE: DAMAGE ANOTHER PERSON'S PROPERTY AMOUNT & GT; $250**
**PL 215.10 TAMPER WITH WITNESS FOURTH DEGREE: INDUCE HIM TO NOT APPEAR/TESTIFY AT PROCEEDING**
**PL 240.30 AGGRAVATED HARASSMENT SECOND DEGREE - THREATEN BY TELEPHONE/NO LEGITIMATE PURPOSE**

Pursuant to TLC Rule 68-15 (d)(1), TLC has suspended your license based on this arrest. While your license is suspended, you cannot drive as a TLC Licensee.

**YOU ARE ENTITLED TO A PROMPT HEARING BEFORE AN ADMINISTRATIVE LAW JUDGE TO DETERMINE WHETHER YOUR LICENSE SHOULD BE REINSTATED.[1]**

**TO SCHEDULE A HEARING, PLEASE EMAIL suspensionsa@tlc.nyc.gov.**

YOU MAY HAVE A LAWYER OR OTHER AUTHORIZED PERSON REPRESENT YOU AT THE HEARING, OR YOU MAY REPRESENT YOURSELF.

TLC may also lift the suspension, possibly without a hearing, if you notify TLC that there has been a significant change in your criminal case, such as a dismissal or other favorable disposition of the above charge(s), or reduction of the charge(s) to a less serious offense. Please notify TLC immediately if that is the case.

---

[1] TLC's practices with respect to suspensions on arrest have changed as a result of the federal court decision in *Nnebe v. Daus*, 931 F.3d 66 (2d Cir. 2019).



**Taxi & Limousine
Commission**

Aloysee Heredia Jarmoszuk, Commissioner/Chair
Mohammed Akinlolu, Assistant Commissioner
Office of Legal Affairs - Prosecution
31-00 47th Avenue, 3rd Floor
Long Island City, NY 11011
suspensionsa@tlc.nyc.gov

To request a hearing or to notify TLC of a significant change in your criminal case, please email suspensionsa@tlc.nyc.gov. Be sure to include your full name, a callback number and your TLC License Number. Unless you request a longer amount of time, your hearing will be scheduled to be held within 10 calendar days of your request at the New York City Office of Administrative Trials and Hearings.

Pursuant to TLC Rule 80-12(h), if you are convicted in your criminal case, **you must notify TLC of the final disposition of your criminal case within fifteen (15) days of the disposition (whether there is a conviction, a dismissal or an adjournment)**. A copy of the Certificate of Disposition issued by the Court may be submitted via:

1. Email to suspensionsa@tlc.nyc.gov; or
2. Mail to Tamara Forsythe, NYC Taxi and Limousine Commission, 31-00 47th Avenue, 3rd Floor, New York, Long Island City New York 11101,

**YOU MUST INCLUDE YOUR TLC LICENSE NUMBER ON ALL PAPERWORK SUBMITTED.**

**IMPORTANT NOTICE**: If you are convicted (this includes guilty pleas) of a felony, or certain misdemeanors or violations (including, but not limited to, Driving While Ability Impaired, VTL § 1192.1), TLC will seek the revocation of your license, and you will be barred from applying for a new license for three years. It is strongly recommended that you consult with an attorney to learn how your criminal case may affect your TLC license before your criminal case has concluded.

Sincerely,

Anita Armstrong
*Agency Attorney*

<u>Certificate of Mailing:</u>
"I affirm that on **February 9, 2021**, I emailed a true copy of this summons to the TLC's mail room staff to pick up.  In the regular course of business, a member of the TLC mail room staff will deposit TLC outgoing mail into the custody of the United States Postal Service for regular first-class mail delivery within two business days of the date below."

By:   *Tamara Forsythe*          Signature:          *J. Forsythe*          Date: 2/9/21

*Proof that as a result of this arrest I am*

# DEVELOPMENTAL COUNSELING FORM
For use of this form, see ATP 6-22.1; the proponent agency is TRADOC.

*being monitored by us military.*

## DATA REQUIRED BY THE PRIVACY ACT OF 1974

**AUTHORITY:** 5 USC 301, Departmental Regulations; 10 USC 3013, Secretary of the Army.

**PRINCIPAL PURPOSE:** To assist leaders in conducting and recording counseling data pertaining to subordinates.

**ROUTINE USES:** The DoD Blanket Routine Uses set forth at the beginning of the Army's compilation of systems or records notices also apply to this system.

**DISCLOSURE:** Disclosure is voluntary.

## PART I - ADMINISTRATIVE DATA

| Name (Last, First, MI) | Rank/Grade | Date of Counseling |
|---|---|---|
| Iosilevich, Ilya, F | 2LT/ O1 | 20210209 |

| Organization | Name and Title of Counselor |
|---|---|
| HHC, 42d CAB | CPT Mairim Cosme, Company Commander |

## PART II - BACKGROUND INFORMATION

**Purpose of Counseling:** (Leader states the reason for the counseling, e.g. Performance/Professional or Event-Oriented counseling, and includes the leader's facts and observations prior to the counseling.)

This is an event-oriented counseling. 2LT Iosilevich, you are being counseled due to your arrests on 04FEB21.

## PART III - SUMMARY OF COUNSELING
Complete this section during or immediately subsequent to counseling.

**Key Points of Discussion:**

On 06FEB21, you informed me, CPT Cosme, via email of your arrests for aggravated harassment on 04FEB21. You further informed me there were two separate complainants, and were charged twice for the same offense. Aggravated Harassment in the 2nd degree, penal law code 240.30 is defined as "A person is guilty of aggravated harassment in the second when: 1. With intent to harass another person, the actor either: (a) communicates, anonymously or otherwise by telephone, by computer or any other electronic means, or by mail, or by transmitting or delivering any other form of communication, a threat to cause physical harm to, or unlawful harm to the property of, such person, or a member of such person's same family or household as defined in subdivision one of section 530.11 of the criminal procedure law, and the actor knows or reasonably should know that such communication will cause such person to reasonably fear harm to such person's physical safety or property, or to the physical safety or property of a member of such person's same family or household; or (b) causes a communication to be initiated anonymously or otherwise, by telephone, by computer or any other electronic means, or by mail, or by transmitting or delivering any other form of communication, a threat to cause physical harm to, or unlawful harm to the property of, such person, a member of such person's same family or household as defined in subdivision one of section 530.11 of the criminal procedure law, and the actor knows or reasonably should know that such communication will cause such person to reasonably fear harm to such person's physical safety or property, or to the physical safety or property of a member of such person's same family or household; or 2. With intent to harass or threaten another person, he or she makes a telephone call, whether or not a conversation ensues, with no purpose of legitimate communication. "

As a Commissioned Officer in the New York Army National Guard, it is your responsibility to embody the seven Army Values while on and off duty. These arrests violate those Army Values and are unbecoming of a Commissioned Officer. 2LT Iosilevich, you now have a total of three arrests in less than 6 months. These actions may result in adverse administrative actions and/ or disciplinary actions, to include involuntary separation from service and/ or punishment actions. Additionally, as a Soldier you should make yourself aware of The Lautenberg Amendment to the Gun Control Act.

## OTHER INSTRUCTIONS

This form will be destroyed upon: reassignment (other than rehabilitative transfers), separation at ETS, or upon retirement. For separation requirements and notification of loss of benefits/consequences see local directives and AR 635-200.

**DA FORM 4856, JUL 2014**    PREVIOUS EDITIONS ARE OBSOLETE.    Page 1 of 2
APD LC v1.04ES

**Plan of Action** *(Outlines actions that the subordinate will do after the counseling session to reach the agreed upon goal(s). The actions must be specific enough to modify or maintain the subordinate's behavior and include a specified time line for implementation and assessment (Part IV below)*

As there is an ongoing criminal proceeding, you are to keep this Command informed of any developments in that proceeding. When there is a determination in the underlying criminal proceeding you are to notify 1SG Brammer. Due to the modified drilling status imposed by the COVID 19 epidemic, all notifications in this regard must be in writing. Failure to do so will result in punitive and administrative actions. It is imperative that you proactively keep this Command notified of any developments to include, but not limited to a final disposition.

Please be advised that AR 600 - 8 - 2 (2-2b) requires you to be immediately flagged. Specifically, in relevant part the AR reads as follows: b. "Law enforcement investigation" (Flag code M). Commanders must Flag Soldiers titled as possible subjects or suspects by the U.S. Army Criminal Investigation Command (USACIDC) (or Service equivalent), military police, or civilian law enforcement during the course of an investigation. Effective date of the Flag is the date of offense or the date law enforcement identifies or titles the Soldier as a subject or suspect. Upon adjudication decision, commanders must submit a completed DA Form 4833 (Commanders Report of Disciplinary or Administrative Action) to the provost marshal or USACIDC in accordance with AR 190 - 45."

**Session Closing:** *(The leader summarizes the key points of the session and checks if the subordinate understands the plan of action. The subordinate agrees/disagrees and provides remarks if appropriate.)*

Individual counseled: ☐ I agree ☑ disagree with the information above.

Individual counseled remarks:

Please see attached.

Signature of Individual Counseled: _____    Date: 20210215

**Leader Responsibilities:** *(Leader's responsibilities in implementing the plan of action.)*

Signature of Counselor: _____    Date: _____

**PART IV - ASSESSMENT OF THE PLAN OF ACTION**

**Assessment:** *(Did the plan of action achieve the desired results? This section is completed by both the leader and the individual counseled and provides useful information for follow-up counseling.)*

Counselor: _____    Individual Counseled: _____    Date of Assessment: _____

**Note: Both the counselor and the individual counseled should retain a record of the counseling.**

Certificate #: U-000023948-N

Page 1 of 1

**KINGS CRIMINAL COURT**
120 Schermerhorn St., Brooklyn, NY 11201
Phone: (646) 386-4500  Fax: (718) 643-7733

**NO FEE**
Non-Public
Version

| The People of the State of New York | |
|---|---|
| vs. | **Certificate of Disposition** |
| Ilya Iosilevich | Docket Number:  CR-003110-21KN |

Defendant DOB: **01/24/1986**

Arrest Date: **02/04/2021**    Arraignment Date: **02/04/2021**

THIS IS TO CERTIFY that the undersigned has examined the files of the Kings Criminal Court concerning the above entitled matter and finds the following:

| Count # | Charge | Charge Weight | Disposition | Disposition Date |
|---|---|---|---|---|
| 1 | PL 240.30 01A AM Agg Harassment 2 - Threat **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 2 | PL 240.30 01B AM Aggravated Harassment 2nd **SEALED 160.50** | AM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 3 | PL 120.45 01 BM Stalking 4th:Cause Fear **SEALED 160.50** | BM | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |
| 4 | PL 240.26 01 V Harassment-2nd:Physical Cntact **SEALED 160.50** | V | Dismissed (Motion to Dismiss Granted, Sealed 160.50) | 02/22/2021 |

Charge Weight Key: I=Infraction; V=Violation; AM, BM=Class Misdemeanor; UM=Unclassified Misdemeanor; AF, BF, CF, DF, EF=Class Felony

Dated:  March 16, 2021

Chief Clerk/Clerk of the Court

CAUTION: THIS DOCUMENT IS NOT OFFICIAL UNLESS EMBOSSED WITH THE COURT SEAL

It shall be an unlawful discriminatory practice, unless specifically required or permitted by statute, for any person, agency, bureau, corporation or association, including the state and any political subdivision thereof, to make any inquiry about, whether in any form of application or otherwise, or to act upon adversely to the individual involved, any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law, in connection with the licensing, employment or providing of credit or insurance to such individual; provided, further, that no person shall be required to divulge information pertaining to any arrest or criminal accusation of such individual not then pending against that individual which was followed by a termination of that criminal action or proceeding in favor of such individual, as defined in subdivision two of section 160.50 of the criminal procedure law, or by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. The provisions of this subdivision shall not apply to the licensing activities of governmental bodies in relation to the regulation of guns, firearms and other deadly weapons or in relation to an application for employment as a police officer or peace officer as those terms are defined in subdivisions thirty-three and thirty-four of section 1.20 of the criminal procedure law; provided further that the provisions of this subdivision shall not apply to an application for employment or membership in any law enforcement agency with respect to any arrest or criminal accusation which was followed by a youthful offender adjudication, as defined in subdivision one of section 720.35 of the criminal procedure law, or by a conviction for a violation sealed pursuant to section 160.55 of the criminal procedure law, or by a conviction which is sealed pursuant to section 160.58 or 160.59 of the criminal procedure law. [Executive Law § 296 (16)]
Charges may not be the same as the original arrest charges.
CPL 160.50:    All official records (excluding published court decisions or opinions or records and briefs on appeal) related to the arrest or prosecution on file with the Division of Criminal Justice Services, any court, police agency or prosecutor's office shall not be available to any person or public or private agency.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL

This envelope is made from post-consumer waste. Please recycle. 

# PRIORITY MAIL ★

★ DATE OF DELIVERY SPECIFIED *

USPS TRACKING™ INCLUDED *

INSURANCE INCLUDED *

PICKUP AVAILABLE *
* Domestic only

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.

USMS

PRIORITY MAIL
POSTAGE REQUIRED

2022 JUN 22  AM 11:01

CLERK
U.S. DISTRICT COURT
EASTERN DISTRICT OF N.Y.
AFTER HOURS DROP BOX

FROM: Ilya Feliksovich Iosilevich
2401 Mermaid Avenue
Brooklyn, NY 11224

TO: U.S. District Court for the Eastern District
of New York
Attn: Pro se Office
225 Cadman Plaza East
Brooklyn, NY 11201

In forma Pauperis inside

...ckaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP14F © U.S. Postal Service; July 2013; All rights reserved.