Index No. 22-CV-03714 (RPK)(LB)

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ILYA FELIKSOVICH IOSILEVICH,

                                        Plaintiff,

-against-

THE CITY OF NEW YORK ET AL.,

                                        Defendants.

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRONAB ADHIKARY'S MOTION TO DISMISS**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
    *Attorney for Defendants*
    *100 Church Street*
    *New York, N.Y.  10007*

    *Of Counsel:  Joseph Zangrilli*
    *Tel:  (212) 356-2657*
    *Matter #:  2023-072505*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x                    x
ILYA FELIKSOVICH-IOSILEVICH,

                          Plaintiff,

      -against-                                                                 **REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PRONAB ADHIKARY'S MOTION TO DISMISS**

THE CITY OF NEW YORK ET AL.,

                         Defendants.                             22-CV-03714 (RPK)(LB)
------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

    Defendant Pronab Adhikary submits this Reply Memorandum of Law in further support of his Motion to Dismiss[1] and in response to Plaintiff's June 11, 2024 Opposition. (Plaintiff's Opp., Dkt. No. 44) As detailed herein, Plaintiff's Opposition fails to adequately address the deficiencies of the governing pleading, and Defendant's motion to dismiss this action should be granted in its entirety. Plaintiff's main approach in opposing the motion before the Court consists of regurgitating case law previously cited by Defendant Adhikary and simply disagreeing with the analysis. This does nothing to actually undercut or rebut the arguments. In a textbook example of 'the pot calling the kettle black,' Plaintiff accuses Defendant Adhikary of carrying out a 'personal vendetta' against him, as he openly admits he's filed multiple lawsuits against Defendant Adhikary and his ex-wife, and wishes to see Defendant Adhikary 'seek assistance of a private counsel.' Unbeknownst to Plaintiff, his admission that he needs discovery illustrates that complaint is

---

[1] In this Reply brief, the Defendant's April 9, 2024 Memorandum of Law in Support of their Motion to Dismiss is referred to as the "Defendant's Motion." (See Dkt. No. 37.)

severely lacking in factual specificity and lends further support for dismissal. As discussed in Defendant's Motion and in this Reply: (I) Plaintiff's Section 1983 claims fail as Defendant Adhikary was not acting in his official capacity; (II) Plaintiff has failed to plausibly plead a claim for intentional or negligent infliction of emotional distress; (III) Any state law false arrest or malicious prosecution claims are meritless; and (IV) Plaintiff has failed to cite to any case law to support his position that Corporation Counsel should withdraw from representing Defendant Adhikary.

## ARGUMENT

### POINT I

#### DEFENDANT ADHIKARY WAS NOT ACTING UNDER COLOR OF LAW

As we must at this stage, even accepting the allegations made as true, Defendant Adhikary was not acting under color of law, and therefore, any Section 1983 claim against him must fail as a matter of law. Plaintiff citing to West v. Atkins for the proposition that "To act under color of state law for purposes of 42 U.S.C. § 1983, the defendant must 'have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law'" does nothing to bolster his position. 487 U.S. 42, 49 (1988). Here, Plaintiff alleges without evidence that Defendant Adhikary coached Ms. Ivanishina. (Pl.'s opp. at pp. 8.) Even if he heard Defendant Adhikary tell Ms. Ivanishina to call the police, that would not in and of itself amount to acting under color of state law.

Plaintiff's reciting of the factors set forth in Cotz v. Mastroeni, also does nothing to support his position. 476 F.Supp.2d 332, 372 (S.D.N.Y. 2007). Plaintiff confuses the reasonable person viewpoint that the court utilized in Cotz, for his own viewpoint. (Pl.'s opp. at pp. 11-12.) Plaintiff asserts that "[his] prior knowledge of Defendant Adhikary being a Police Officer is sufficient

enough for reasonable person to know that he can make an arrest, pepper spray or hand cuff me." (Id.) As a matter of law, this is not enough. In Cotz, the court explicitly stated that "The fact that plaintiff knows that [Defendant] is a Ramapo police officer and that he may have had an unmarked patrol car in his driveway in no way transforms his private dealings at his home into state action." Cotz at 372. Here, Defendant Adhikary was off-duty, did not identify himself as a police officer, did not show a badge, did not show or use handcuffs and did not attempt to arrest plaintiff at the time of the incident. There is no question that these factors weigh heavily in favor of concluding that Defendant Adhikary was not acting under color of law.

Plaintiff's argument that Defendant Adhikary should be held liable for false arrest because he "coached" Defendant Ivanshina and was present when the report was filed, is unavailing. (Pl's. opp. at p. 12). Neither speaking to, nor filing a report with, the police constitutes a public function — i.e. a function that is 'traditionally the exclusive prerogative of the State.'" Capogrosso v. Gelbstein, No. 18-CV-2710, 2022 U.S. Dist. LEXIS 177712, 2022 WL 4550812, at *2 (E.D.N.Y. Sept. 29, 2022) (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 842, (1982)), *aff'd*, No. 22-2827, 2023 U.S. App. LEXIS 30077, 2023 WL 7485363 (2d Cir. Nov. 13, 2023). Here, Plaintiff does not allege that Defendant Adhikary exercised a function that was within the traditional prerogative of the state. Rather, Plaintiff alleges that Defendant Adhikary, spoke with his girlfriend prior to her filing of a domestic incident report, for an incident at which he was present. This type of conduct is available to any private citizen acting in their personal capacity.

Similarly, the fact that Defendant Adhikary allegedly threatened to shoot Plaintiff if he entered the apartment, combined with Plaintiff's belief that Defendant Adhikary had his department issued pistol, does not convert Plaintiff's actions into official action. (Redacted Complaint, (ECF Dkt. No. 5) at ¶ 13. In Pitchell, the Second Circuit found that an off-duty,

intoxicated police officer who pointed a gun at another person was not acting within his official capacity. Pitchell v. Callan, 13 F.3d 545, 548 (2d Cir. 1994); compare Jocks v. Tavernier, 316 F.3d 128, 134 (2d Cir. 2003) ("We have no doubt that when an officer identifies himself as a police officer and uses his service pistol he acts under color of law.") Here, Plaintiff's allegations are pure speculation as he never saw a weapon. Instead, he merely alleges that Defendant Adhikary threatened that *if* he entered the apartment, Defendant Adhikary would shoot him. (Redacted Complaint, (ECF Dkt. No. 5) at ¶ 13. Because the entire interaction occurred with the parties on opposite sides of a closed door, Plaintiff cannot say he ever saw Defendant Adhikary, brandishing a firearm, let alone his NYPD service weapon.

## POINT II

### PLAINTIFF HAS FAILED TO PLAUSIBLY PLEAD A CLAIM FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

As the Second Circuit has held, the standard for stating a valid claim of intentional infliction of emotional distress is 'rigorous, and difficult to satisfy.'" Conboy v. AT & T Corp., 241 F.3d 242, 258 (2d Cir. 2001). Due to this very high threshold, IIED claims "generally do not survive dispositive motions." Allam v. Meyers, No. 09 Civ. 10580, 2011 U.S. Dist. LEXIS 18581, 2011 WL 721648, at *6 (S.D.N.Y. Feb. 24, 2011). Indeed, the New York Court of Appeals has rejected every claim for intentional infliction of emotional distress it has considered because the conduct was not sufficiently outrageous or extreme. Phillips v. Fashion Inst. of Tech., 2023 U.S. Dist. LEXIS 43964, *20 (S.D.N.Y. 2023) quoting Howell v. New York Post Co., *Inc.*, 81 N.Y.2d 115, 122, (N.Y. 1993). The few claims upheld by the Appellate Divisions have involved "longstanding campaign[s] of deliberate, systematic, and malicious harassment." Seltzer v. Bayer, 272 A.D.2d 263, 264, 709 N.Y.S.2d 21 (1st Dep't 2000). Courts have repeatedly held that certain

physical threats do not rise to the "extreme and outrageous" level necessary to sustain a claim of emotional distress. See Torain v. Casey, 16-CV-2682, 2016 U.S. Dist. LEXIS 127681, 2016 WL 6780078, at *2 (S.D.N.Y. Sept. 16, 2016) (threat to break plaintiff's jaw insufficient to establish IIED); report and recommendation adopted, 2016 U.S. Dist. LEXIS 157693, 2016 WL 6775440 (S.D.N.Y. Nov. 14, 2016); Walther v. Maricopa Int'l Inv., Corp., 97-CV-4816, 1998 U.S. Dist. LEXIS 15592, 1998 WL 689943, at *4 (S.D.N.Y. Sept. 30, 1998) (repeated verbal threats such as "c[***]sucker you're gonna pay" fell short of "extreme and outrageous" threshold); Saleh v. United States, 12-CV-4598, 2013 U.S. Dist. LEXIS 142207, 2013 WL 5439140, at *11-12 (S.D.N.Y. Sept. 27, 2013) (defendant's threats and plaintiff's resulting fear "that at any moment he could be attacked physically or harassed[,] . . . kidnapped[,] or even killed" did not rise to required level of conduct), aff'd, 580 F. App'x 22 (2d Cir. 2014); Owen v. Leventritt, 174 A.D.2d 471, 472, 571 N.Y.S.2d 25 (N.Y. App. Div. 1st Dep't 1991) (threat to kill pregnant plaintiff insufficient to support a cause of action for IIED.)

Here, Plaintiff alleges that Defendant Adhikary should be held liable for IIED and NIED because he allegedly threatened to shoot Plaintiff if he entered the apartment. (Pl.'s opp. at p. 15.) Similar to the above-mentioned cases, this threat does not meet the high bar for "extreme and outrageous" conduct. Further, when taken in context, Plaintiff is alleging that Defendant Adhikary threatened Plaintiff from behind closed doors, while Plaintiff was knocking on Defendant Adhikary's apartment door and that he never saw the gun. (Redacted Complaint, (ECF Dkt. No. 5) at ¶ 13. Thus, these claims should be dismissed.

### POINT III

### ANY STATE LAW FALSE ARREST OR MALICIOUS PROSECUTION CLAIMS ARE MERITLESS

In his opposition, Plaintiff asks that if Defendant Adhikary was acting in his private capacity, the Court should evaluate the claims under New York state law for false arrest and malicious prosecution. (Pl.'s Opp. at 16.) This proposition is futile, as any state law claims against Defendant Adhikary for false arrest or malicious prosecution would still fail. A plaintiff asserting a common-law claim for false imprisonment must establish that "the defendant intended to confine the plaintiff, that the plaintiff was conscious of the confinement and did not consent to the confinement, and that the confinement was not otherwise privileged." Martinez v. City of Schenectady, 97 N.Y.2d 78, 85, 761 N.E.2d 560, 735 N.Y.S.2d 868 (2001). The First Department has held that "a civilian complainant, by merely seeking police assistance or furnishing information to law enforcement authorities, who are then free to exercise their own judgment as to whether an arrest should be made and criminal charges filed, will not be held liable for false arrest or malicious prosecution." Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131, 688 N.Y.S.2d 12 (1st Dept. 1999) citing Celnick v. Freitag, 242 A.D.2d 436, 437, 662 N.Y.S.2d 37 (1st Dept 1997); Schiffren v. Kramer, 225 A.D.2d 757, 758-759, 640 N.Y.S.2d 175 (2d Dept). Therefore, because Plaintiff's only allegation against Defendant Adhikary is that he assisted Ms. Ivanishina in filing a complaint, any state law false arrest and malicious prosecution claims fail.

## POINT IV

### CORPORATION COUNSEL DOES NOT HAVE
### TO WITHDRAW FROM REPRESENTATION

Plaintiff provides no caselaw or support for his contention that Corporation Counsel should withdraw from representing Defendant Adhikary.. (Pl.'s Opp. at 16.) Plaintiff's Complaint explicitly alleges that Defendant Adhikary "was acting in his employment and individual capacity…" (See Complaint; ECF Dkt. No. 5 at p. 11 of 49, ¶ 5.) There is nothing in General Municipal Law 50k(k)(2), that prohibits Corporation Counsel from representing an employee, where that employee is being sued in both his official and individual capacity. Therefore, the Court should disregard Plaintiff's request.

## CONCLUSION

For the foregoing reasons, Defendant Pronab Adhikary respectfully requests that the Court dismiss all of Plaintiff's claims against him pursuant to Rule 12(b)(6), with prejudice, together with such costs, fees, and other and further relief as the Court deems just and proper.

Dated: New York, New York
June 17, 2024

                                                 MURIEL GOODE-TRUFANT
Acting Corporation Counsel of the City of New York
*Attorney for Defendants City, Sewell, Cedillo, Woodburn, Andrews and Adhikary*
New York, New York 10007
(212) 356-2657

By: *Joseph Zangrilli /s/*
       Joseph Colalillo
       *Senior Counsel*
       Special Federal Litigation

Cc: **BY ECF, EMAIL and FIRST CLASS MAIL**
Ilya Feliksovich Iosilevich
*Pro Se Plaintiff*
2401 Mermaid Avenue
Brooklyn, NY 11224-2209
iiosilevich@gmail.com